IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEVON HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | 11 C 8418 |
| | ) | |
| **VALLEY VIEW COMMUNITY** | ) | |
| **UNIT SCHOOL DISTRICT 365U,** | ) | **Judge Ronald A. Guzmán** |
| **JAMES BOUDROIS, JEFFREY** | ) | |
| **BAMBULE, ROBERT BROST,** | ) | |
| **ALEC ANDERSON, PAUL** | ) | |
| **GAMMICHIA, ART PAHL, MARTY** | ) | |
| **HICKMAN, Executive Director,** | ) | |
| **ILLINOIS HIGH SCHOOL** | ) | |
| **ASSOCIATION, and ILLINOIS HIGH** | ) | |
| **SCHOOL ASSOCIATION,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff alleges that, after he moved from the attendance area of one high school in Valley View Community Unit School District 365U to another, Valley View staff members James Boudoris, Jeffrey Bambule, Alec Anderson, Robert Brost, Paul Gammichia, Art Pahl and James Mitchem, Jr. falsely accused him of residency violations and otherwise harassed him. Plaintiff seeks to hold Valley View and these employees ("School District Defendants") and the Illinois High School Association and its president Marty Hickman ("IHSA Defendants") liable under 42 U.S.C. § 1983 for conspiring to and violating his First and Fourteenth Amendment rights. Defendants have filed Federal Rule of Civil Procedure 56 motions for summary judgment. For the reasons set forth below, the Court grants the motions.

**Discussion**

As the party opposing summary judgment, plaintiff was required to submit: (1) a response to each numbered paragraph in defendants' statements of uncontested material facts that includes, for any fact plaintiff denies, "specific references to the affidavits, parts of the record, [or] other . . . materials" supporting the denial; and (2) "a statement . . . of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon." Local Rule 56.1(b)(3). Nonetheless, plaintiff denied the facts asserted in paragraphs 6, 12-13, 25, 29, 46, 51-52, 56, 60 and 67 of the School District Defendants' fact statement and paragraphs 10-11, 14, 23-24 and 28 of the IHSA Defendants' fact statement without citing to and/or submitting supporting evidence. (*See* Pl.'s Resp. Sch. Dist. Defs.' 56.1 Fact Stmt. ¶¶ 6, 12-13, 25, 29, 46, 51-52, 56, 60, 67; Pl.'s Resp. IHSA Defs.' 56.1 Fact Stmt. ¶¶ 10-11, 14, 23-24, 28.) Moreover, he denied the facts asserted in paragraphs 59 and 68-69 of the School District Defendants' fact statement by citing to record evidence that does not support the denials. (*See* Pl.'s Resp. Sch. Dist. Defs.' 56.1 Fact Stmt. ¶¶ 59, 68-69.) Plaintiff also failed to cite or submit evidence in support of nearly all of the additional facts he asserted. (*See generally* Pl.'s Stmt. Add'l Facts.) Given plaintiff's failure to comply with the Local Rule, the Court deems him to have admitted all of the properly supported facts asserted by defendants and disregards any fact he asserted for which he did not provide evidentiary support. *See Bryant v. Bd. of Ed. Dist. 228*, 347 Fed. App'x 250, 253 (7th Cir. 2009) (stating that "[t]he district court was entitled to disregard those assertions in Bryant's proposed statement of facts that violated Local Rule 56.1 by not being properly supported"); *F.T.C. v. Bay Area Bus. Council, Inc.*, 423 F.3d 627, 633 (7th Cir. 2005) ("Because of the important function local rules like Rule 56.1 serve in organizing the evidence and

identifying disputed facts, we have consistently upheld the district court's discretion to require strict compliance with those rules.").

To prevail on a summary judgment motion, "the movant [must] show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, we do not weigh evidence or determine the truth of the matters asserted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). We view all evidence and draw all inferences in favor of the non-moving party. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000). Summary judgment is appropriate only when the record as a whole establishes that no reasonable jury could find for the non-moving party. *Id.*

To defeat defendants' motion on his First Amendment retaliation and Fourteenth Amendment substantive due process claims, plaintiff must offer evidence that suggests he engaged in constitutionally protected speech, defendants took adverse action against him and their action was motivated, at least in part, by plaintiff's speech. *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008) (setting forth elements of First Amendment claim); *see Washington v. Gluckberg*, 521 U.S. 702, 720 (1997) (stating that substantive due process is violated when the government interferes with fundamental rights like those guaranteed by the First Amendment). However, the undisputed facts establish that: (1) the speech underlying these claims was that of plaintiff's mother, not plaintiff; and (2) defendants' allegedly retaliatory actions, investigating plaintiff's residency, were in fact prompted by third-party complaints that he was violating and plaintiff's frequent changes of address. (*See* Sch. Dist. Defs.' LR 56.1(a) Stmt. ¶¶ 10-21, 23-44, 46, 48-50, 53; Pl.'s Resp. Sch. Dist. Defs.' Fact Stmt. ¶¶ 10-21, 23-44, 46, 48-50, 53.) Thus, plaintiff has not created a triable issue of fact on either of these claims.

The same is true for plaintiff's Fourteenth Amendment equal protection class-of-one claim. To defeat defendants' motion on this claim, plaintiff must offer evidence that suggests they "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *United States v. Moore*, 543 F.3d 891, 896 (7th Cir. 2008) (quotation omitted). Because plaintiff has offered no such evidence, the Court grants defendants' motion. (*See* Sch. Dist. Defs.' LR 56.1(a) Stmt. ¶¶ 56-60; Pl.'s Resp. Sch. Dist. Defs.' Fact Stmt. ¶¶ 56-60.)

The failure of plaintiff's First and Fourteenth Amendment claims also dooms his § 1983 conspiracy and *Monell* claims and his state indemnification claim, all of which require proof of a constitutional violation. *See Estate of Sims ex rel. Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (stating that a municipality can be held liable under § 1983 only if one of its policies or customs caused a constitutional violation); *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996) ("For liability under § 1983 to attach to a conspiracy claim, defendants must conspire to deny plaintiffs their constitutional rights: there is no constitutional violation in conspiring to [commit] an action which does not itself violate the constitution."); *see also* 745 Ill. Comp. Stat. 10/9-102 (stating that "[a] local public entity is empowered and directed to pay any tort judgment or settlement for compensatory damages . . . for which it or an employee while acting within the scope of his employment is liable"). Accordingly, defendants are entitled to judgment as a matter of law on these claims as well.

**Conclusion**

     For the reasons set forth above, the Court finds that there is no genuine issue of material fact on the claims plaintiff asserts against defendants, who are entitled to judgment as a matter of law. Therefore, the Court grants defendants' motions for summary judgment [125 & 129], strikes as moot the IHSA Defendants' motion to strike [170] and terminates this case.

**SO ORDERED.**                                  **ENTERED: September 18, 2013**

*Ronald A. Guzman*
_____
**HON. RONALD A. GUZMAN**
**United States District Judge**